UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE BRIGGS, | No. 1:24-cv-00310-KES-SKO (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO CONDUCT DISCOVERY |
| v. | [Doc. 16] |
| C. SCHUYLER, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition on March 14, 2024. (Doc. 1.) Respondent filed an answer to the petition on May 3, 2024. (Doc. 10.) On June 7, 2024, the Court issued Findings and Recommendations to deny the petition. (Doc. 11.) The Findings and Recommendations are now awaiting review by the District Court.

Pending before the Court is Petitioner's motion to conduct discovery which he filed on September 6, 2024. (Doc. 16.) Petitioner provides no valid reason for conducting discovery and discovery in any case would be futile. Therefore, the motion will be DENIED.

**DISCUSSION**

The writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336 (1923); See, e.g., Keeney v. Tamayo-Reyes, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting). A habeas proceeding does not

1 proceed to "trial," and "unlike the usual civil litigant in federal court, [a habeas corpus petitioner]
2 is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 903-
3 05 (1997); Harris v. Nelson, 394 U.S. 286, 295 (1969).  Instead, modern habeas corpus procedure
4 has the same function as an ordinary appeal. Anderson v. Butler, 886 F.2d 111, 113 (5th Cir.
5 1989); O'Neal v. McAnnich, 513 U.S. 440, 442 (1995) (federal court's function in habeas corpus
6 proceedings is to "review errors in state criminal trials" (emphasis omitted)).  Indeed, the United
7 States Supreme Court has reaffirmed that, under AEDPA review, "evidence introduced in federal
8 court has no bearing on § 2254(d)(1) review.  If a claim has been adjudicated on the merits by a
9 state court, a federal habeas petitioner must overcome the limitations of § 2254(d)(1) *on the*
10 *record that was before that state court*." Cullen v. Pinholster, 563 U.S. 170, 185 (2011)
11 (emphasis supplied); see 28 U.S.C. § 2254(d)(1) (setting forth the applicable standard for federal
12 habeas review as whether the state court adjudication was "contrary to" or an "unreasonable
13 application" of "clearly established federal law").

14      As a result, a habeas petitioner does not have the right to inquire into all matters which are
15 relevant to the subject matter involved in the pending action, whether admissible at trial or not.
16 Harris, 394 U.S. at 297.  "Such a broad-ranging preliminary inquiry is neither necessary nor
17 appropriate in the context of a habeas corpus proceeding." Id.  Elaborate discovery procedures
18 would cause substantial delay to prisoners and place a heavy burden upon courts, prison officials,
19 prosecutors, and police. Id. Although discovery is available pursuant to Rule 6, it is only granted
20 at the Court's discretion, and upon a showing of good cause.  Bracy, 520 U.S. at 903-50; Rich v.
21 Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999); Rule 6(a) of the Rules Governing Section 2254.
22 The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases emphasize
23 that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of right, the
24 Federal Rules of Civil Procedure's broad discovery provisions.  Rule 6, Advisory Committee
25 Notes (quoting Harris, 394 U.S. at 295).  Indeed, "[h]abeas is an important safeguard whose goal
26 is to correct real and obvious wrongs.  It was never meant to be a fishing expedition for habeas
27 petitioners to explore their case in search of its existence." Rich, 187 F.3d at 1067.

28      Here, Petitioner has failed to provide any reason for his discovery request pursuant to Rule

6 of the Rules Governing Section 2254 Cases, and has not shown good cause.  The Court has also reviewed Petitioner's claims under § 2254 habeas standards and issued Findings and Recommendations to deny the claims as meritless.  Thus, any discovery would be futile insofar as the Court's review, under <u>Pinholster</u>, is limited to the record that was before the state court that adjudicated the claim on the merits. <u>See</u> <u>Runningeagle v. Ryan</u>, 686 F.3d 758, 773 (9th Cir. 2012) (petitioner not entitled to conduct additional discovery, expand the record, or obtain an evidentiary hearing where the state court had adjudicated the claim on the merits).

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS that Petitioner's motion for discovery (Doc. 16) is DENIED.

IT IS SO ORDERED.

Dated:   **September 10, 2024**              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE